# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

ROY E. WALLS-GUIDEN, and
DEMON ANDERSON,

*Defendant.*

Case No. 15-10175-01,02-EFM

## MEMORANDUM AND ORDER

The Government's motion asks the Court to reconsider its order granting the Defendants' motion to dismiss (Doc. 23). After considering the Government's argument, the Court denies the motion.

### I.  Factual and Procedural Background

On December 8, 2015, Defendants Roy Walls-Guiden and Demon Anderson were each indicted on two counts for violating 18 U.S.C. §§ 924(c)(1) and (2). The Court issued a General Order of Discovery and Scheduling on December 15. The Scheduling Order was to "apply to the charges and to any superseding charges *in this case*" and mandated that the Defendants "shall file all motions and notices pursuant to [Rule 12]." The Scheduling Order further provided that "[r]esponses to any motions filed pursuant to this order shall be filed no later than 14 days following the filing of the motion."

On January 11, 2016, Walls-Guiden moved to dismiss both of those counts. The following day, Anderson filed a motion to join in Walls-Guiden's motion, which the Court subsequently granted. On January 26, 15 days after the Defendants moved for dismissal, the Government had not filed a response. This Court's Courtroom Deputy informed the Government via email and voicemail that it had missed the 14-day deadline to respond. The Government overlooked these notifications. Accordingly, the Court granted the Defendants' motion to dismiss on February 1. Later that day, the Government filed a motion to reconsider as well as a response to the Defendants' motions.

## II. ANALYSIS

The Government contends that the Defendants' motion to dismiss was filed pursuant to Rule 12 of the Federal Rules of Criminal Procedure and not pursuant to the General Order of Discovery and Scheduling. Therefore, the Government argues that it had 21 days to respond, as allowed by the Federal Rules. In their response, the Defendants argue that the General Order of Discovery and Scheduling makes no special exceptions for orders filed under the Federal Rules. They contend that their Rule 12 motion was filed pursuant to the scheduling order. The Government is correct that Rule 12 provided the substantive basis for the Defendants' motion to dismiss. But the Scheduling Order controlled the timing for all filings in this case.

The Scheduling Order plainly states that it applies to the entire case. And, as the Government conceded at the hearing on this motion, the Scheduling Order also provides that the Defendants "shall file all motions and notices pursuant to [Rule 12]." So the Defendants' Rule 12 motion was in fact filed pursuant to the Scheduling Order. And the Scheduling Order unambiguously states that "[r]esponses to *any motions filed pursuant to this order* shall be filed no later than 14 days following the filing of the motion." (emphasis added). Because the

Defendants' motion to dismiss was filed pursuant to the Scheduling Order, the Government had 14 days to file a response. There is no distinction, or exception, for Rule 12 motions. Nor was the Government's failure to comply with the Scheduling Order excusable neglect.[1] Accordingly, the Government's motion to reconsider is denied.

**IT IS THEREFORE ORDERED** that the Government's Motion to Reconsider (Doc. 23) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Response to the Defendants' Motions (Doc. 24) is stricken from the record.

**IT IS SO ORDERED**.

Dated this 16th day of February, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[1] *See United States v. Torres*, 372 F.3d 1159, 1164 (10th Cir. 2004).